> As Plaintiff agrees that Defendants' request is appropriate (Doc. 37), the application is granted.
>
> The Minute Entry issued by the Court following the December 15, 2020 conference is amended to direct the production of payroll tax documents identifying Defendants' employees in 2018 and 2019 as opposed to 2019 and 2020.
>
> The Court thanks the parties for working cooperatively to resolve this particular issue.
>
> The Clerk of the Court is respectfully directed to terminate motion sequence pending at Doc. 37.
>
> SO ORDERED.
>
> _/s/ Philip M. Halpern_
> Philip M. Halpern
> United States District Judge
>
> Dated: New York, New York
>         January 12, 2021

Thomas A. Costin, Jr.
[address] Suite 1F
[...] 0451

Tel: (718) 618-0589
Fax: (347) 510-0099

December 30, 2020

Re: Whitcombe v. Lanza Corp et al.
    Case No. 20-cv-04835

[I represent] Defendants in this matter. This is a claim brought pursuant to Title VII of the Civil Rights Act of 1964 (Title VII) 42 USC §2000e *et seq.* and similar state law claims. The Court ordered limited discovery to help determine whether the Court has jurisdiction. We ask that the Court clarify and modify its order dated December 15, 2020, which directed Defendants to provide the name of Defendants' employees in 2019 and 2020. Defendants believe that the proper time period is 2018 and 2019 as supported by caselaw. Plaintiff does not consent.

The Court ordered production of payroll tax documents provided to New York State which identify the names and numbers of Defendants' employees during the relevant time period. The relevant time period is based on whether an employer has "fifteen or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year…" Courts consistently have held that the phrase "current calendar year" refers to the year in which the alleged discrimination occurred. *Hernández-Miranda v Empresas DÍaz Massó, Inc.*, 651 F3d 167, 174-175 (1st Cir 2011) (collecting cases) *Komorowski v Townline Mini-Mart & Rest.*, 162 F3d 962, 965 (7th Cir. 1998) (collecting cases).

The Hon. Philip M. Halpern
December 30, 2020
Page 2 of 2

In this case, plaintiff alleges that she was discriminated against in 2019. Accordingly, the relevant time period is 2018 through 2019.

A change in the court order will not impact the parties' ability to comply with the discovery deadline. Additionally, plaintiff is not prejudiced. She will obtain the proper two years' worth of New York State payroll tax documents which identify the names of Defendants' employees. Further, this clarification will not impede the parties' ability to conduct depositions at Plaintiff's request. Finally, Plaintiff was not working for Defendants in 2020, thus the number of employees at that time is irrelevant.

For the above stated reasons, Defendants respectfully request that the Court modify the December 15, 2020 order to reflect the relevant time period of 2018 and 2019. Thank you for your courtesy and cooperation in this matter.

Respectfully submitted,

By:  /s/
Delmas A. Costin, Jr., Esq.
*930 Grand Concourse, Suite 1F*
*Bronx, New York 10451*
(718) 618-0589 (O)
(347) 510-0099 (F)
dacostin@dacostinlaw.com
*Attorneys for Lanza Corp,*
*Sign Design, JC Awning,*
*Adaptive Signage, and*
*Joseph Lanza*

By:  /s/
Michael Marinaccio, Esq.
245 Main Street Suite 420
White Plains, NY 10601
(914) 761-0707 (O)
(914) 761-0795 (F)
michael@mamarinacciolaw.com
*Attorneys for Defendant*
*Nicholas Pagnozzi*

Court-06