> Application for sealing denied.
>
> Upon review of Doc. 45-15 and Doc. 48, while Social Security Numbers and wage information are redacted properly, there is no need to redact the names of listed employees.
>
> Accordingly, Defendants are directed to re-file the Declaration in support of their motion to dismiss using the version of the document filed as Doc. 48.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 47.
>
> SO ORDERED.
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>          March 4, 2021

Delmas A. Costin, Jr.
ncourse, Suite 1F
NY10451
Tel: (718) 618-0589
Fax: (347) 510-0099

March 3, 2021

Re: Whitcombe v. Lanza Corp et al.
     Case No. 20-cv-04835

represent Defendants in this matter. This is a claim brought pursuant to Title VII of the Civil Rights Act of 1964 (Title VII) 42 USC §2000e *et seq*. and similar state law claims. Defendants request permission to file tax records which redact the names of Defendants' employees and income paid to them for their privacy. See *Chen-Oster v Goldman, Sachs & Co.*, 293 FRD 557, 566 (SDNY 2013).

The Court must evaluate various factors before authorizing any redactions or filing a document under seal. "[A] court must first conclude that the documents at issue are indeed "judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006). Next, if a "court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." *Id*. "Finally, after determining the weight of the presumption of access, the court must "balance competing considerations against it." *Id*. at 120. Defendants assert that the documents are not judicial documents.

If Your honor concludes that the tax returns are a judicial document, then "courts next ask whether the presumption of access is a product of the common law right of access, or of the

The Hon. Philip M. Halpern
March 3, 2021
Page 2 of 3

more robust First Amendment right to access certain judicial documents." *Id*. 119-120 (2d Cir. 2006). The court must determine the weight of the common law presumption of access. *Lugosch*, at 119. The weight of the presumption is a function of (1) "the role of the material at issue in the exercise of Article III judicial power" and (2) "the resultant value of such information to those monitoring the federal courts," balanced against "competing considerations" such as "the privacy interests of those resisting disclosure." *Id,* 119-20 (internal quotation marks omitted).  "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Id.* at 1050. Lugosch at 121.

In this case, Defendants wish to redact the names and income received by individuals listed on a Defendants' state tax return.  Third parties are entitled to privacy.  See *Chen-Oster* at 566.  The information on the tax records is only relevant to determine the number of employees employed by Defendants.  Public disclosure of any other information not relevant to the issues pending before the Court intrusively invades third parties' rights to privacy.

For the above stated reasons, Defendants respectfully request that the Court order that the redacted version of Defendants' state tax returns attached as Exhibit O of the Declaration of Delmas A. Costin, Jr. (Doc No. TBD) be filed in redacted form.  Thank you for your courtesy and cooperation in this matter.

Respectfully submitted,

By:_____/s/_____    By: _____/s/_____
Delmas A. Costin, Jr., Esq.                    Michael Marinaccio, Esq.
930 Grand Concourse, Suite 1F              245 Main Street Suite 420
Bronx, New York 10451                         White Plains, NY 10601
(718) 618-0589 (O)                                  (914) 761-0707 (O)

Court-07-Redacting Information

The Hon. Philip M. Halpern
March 3, 2021
Page 3 of 3

(347) 510-0099 (F)  (914) 761-0795 (F)
dacostin@dacostinlaw.com  michael@mamarinacciolaw.com
*Attorneys for Lanza Corp,*  *Attorneys for Defendant*
*Sign Design, JC Awning,*  *Nicholas Pagnozzi*
*Adaptive Signage, and*
*Joseph Lanza*

Encl.   tax returns

Court-07-Redacting Information